### ROBERT MEYER v. T. W. KEVENY.

QUESTION OF JURISDICTION OF JUSTICE NOT TO BE RAISED AFTER APPEAL AND APPEARANCE WITHOUT OBJECTION.

> Where the docket of a justice of the peace noted the filing of a bill of particulars, but the same or the nature thereof was not entered on the docket, but it was only stated that the plaintiff claimed $100 for damages sustained as per bill of particulars, this is not a compliance with the statute. But where the case proceeds to trial before the justice, and judgment was rendered for the plaintiff, from which judgment the defendant appealed to the court of common pleas, where plaintiff filed a petition setting out a cause of action of which the justice of the peace and the court of common pleas had jurisdiction, and the defendant appeared at the trial, and made no objection to the jurisdiction of the court, and judgment was rendered against him, it is too late on a petition filed to reverse such judgment to raise the question of the jurisdiction of the court.

On Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

In this proceeding it is sought to reverse a judgment of the court of common pleas, on the ground that it had not jurisdiction of the action.

It was originally brought by Keveny against Meyer before a justice of the peace of this city. The transcript of the docket of the justice shows that it was brought as a "civil action, amount claimed $100.00 due for damages sustained as per bill of particulars filed February 7, 1891. Bill of particulars filed, and summons issued and delivered to W. Lacy, Constable, returnable February 12, 1891, at 9 a. m." It further appears from the transcript that the summons was duly served and returned, and that at the time named therein the plaintiff was in court, but that the defendant failed to appear, and that a trial was had, and a judgment rendered on the same day against the defendant for $100.00 and costs; from which judgment on the 25th of February, 1891, the defendant duly appealed to the court of common pleas, and the transcript was filed and docketed in said court March 5, 1891. On the 4th of April, 1891, leave was granted plaintiff to file a petition, which was filed on that day, setting up a cause of action against the defendant for negligently and carelessly driving a horse and wagon, on one of the streets of the city, against a horse and wagon driven by plaintiff, whereby he and such horse and wagon were injured, to his damage, $100. No answer was filed to this, but the record shows that on Dec. 2, 1891, "came the parties herein by their attorneys," and that a trial was had on the pleadings and evidence, and a verdict by the jury in favor of the plaintiff for $100, and a judgment thereon.

The claim of the plaintiff is, that the transcript of the docket of the justice does not show that it was an action, of the subject matter of which he had jurisdiction; that the bill of particulars or the nature thereof was not entered on the docket, and for all that appears it was an action to recover damages for an assault and battery, or malicious prosecution, or for slander or some other matter of which justices of the peace have not jurisdiction, and that, as it does not appear that the justice had jurisdiction of the case, the appeal thereof could not confer jurisdiction upon the common pleas.

It is true that the officer has not complied with the plain and express provisions of the statute (sec. 594), which requires that a statement not only of the filing of the bill of particulars be entered upon the docket, but the nature thereof, and, as stated in the statute, the bill of particulars, when not of too great length, should be copied thereon; the practice as to this is altogether too lax, and should be corrected, certainly, if the whole of it is not copied, enough should be stated to show the nature of the claim, and that it was one of which the justice had jurisdiction; and it is probable that if an appeal had not been entered, and error had been prosecuted to reverse the judgment, that it might have been reversed.

But it was appealed by the defendant, and the petition, filed by the plaintiff without objection, disclosed a case of which the magistrate had jurisdiction, and

in addition to this the record shows that the defendant appeared at the trial and made no objection to the jurisdiction of the common pleas, and on the doctrine announced in the case of Harrington v. Heath, 15 Ohio, 483, the objection cannot now be made to the jurisdiction of the court of common pleas, and the judgment will be affirmed.

J. H. Chas. Smith, for plaintiff in error.

Gray & Tischbein, *contra.*